IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MAX RUSSELL HOLLIS**, **JR.**,

**Plaintiff,**

**v.**

**KULWANT SINGH and
SAHOTA BROTHERS,**

**Defendants.**                                                     No. 10-0301-DRH

## ORDER

**HERNDON, Chief Judge:**

This matter is before the Court for case management purposes, specifically, to raise the issue, *sua sponte*, of whether this Court has subject matter jurisdiction over this case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle***, **74 U.S. 506, 514, 7 Wall, 506, 19 L.Ed. 264 (1868);** ***Steel Co. v. Citizens for Better Environment***, **523 U.S. 83, 94, 118 S.Ct. 1003, 1012 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright***, **996 F.2d 928, 930-31 (7th Cir. 1993);** ***Kanzelberger v. Kanzelberger***, **782 F.2d 774, 777 (7th Cir. 1986).**

Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met.  **See In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 607 (7th Cir. 1997)**.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between parties plus an amount in controversy exceeding, $75,000, exclusive of interests and costs.  Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." **Howell v. Tribune Entertainment Co., 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**.  Factual allegations of *citizenship* must be made in the pleadings, demonstrating complete diversity.  **See Chicago Stadium Corp. v. State of Indiana, 220 F.2d 797, 798-99 (7th Cir. 1955) (emphasis added)**.

In its Notice of Removal (Doc. 2), Defendant Singh alleges that diversity jurisdiction exists in that the Plaintiff is a citizen of Missouri and that he is actually resides in California (Doc. 2 at ¶ ¶ 3 & 5).  Such a conclusion will not suffice.  Defendant's factual allegations regarding citizenship states only that he "resides" in California.  Also, Plaintiff's original Complaint states that Hollis is a "resident" of Missouri, that Singh is a "resident" of New York and that Sahota Brothers is a corporation with its principal place of business in California and fails to state any allegations in regards to the parties' citizenship.  This too is not sufficient. "[R]esidence and citizenship are not synonymous and it is [citizenship] that matters

for purposes of the diversity jurisdiction." ***Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)**.  Until Defendant properly pleads diversity of citizenship, the Court must approach this case as if jurisdiction does not exist.  Without those allegations, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." ***Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)**.

The Court is not concluding that subject matter jurisdiction does not exist.  However, it is currently in question, and thus not established.  Accordingly, the Court **ALLOWS** Defendant Singh up to and including May 13, 2010 to file a Supplement to the Notice of Removal properly setting forth subject matter jurisdiction.  If Defendant Singh fails to timely correct this jurisdictional deficiency, the Clerk is instructed to remand the case.

**IT IS SO ORDERED.**

Signed this 29th day of April, 2010.

/s/  *DavidRHerndon*
**Chief Judge**
**United States District Court**